## L. R. McCLEERY

### v.

## L. McLEAN, Ex'r.

INSTRUCTION MISLEADING.—In an action against the estate of a deceased person to recover for expenses of keeping his children, an instruction on the part of the defense that before the plaintiff can recover he must show by a preponderance of proof that at the time of rendering the service he expected pay from and actually did charge the same to the defendant, is erroneous, because having a tendency to mislead. It is not necessary that the plaintiff should keep an account with deceased, and charge him with each item.

APPEAL from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed September 29, 1882.

McCleery v. McLean.

Messrs. WILSON & HUTCHINSON, for appellant; that the father, although divorced, was bound to support his children, cited Plaster v. Plaster, 47 Ill. 290; Courtright v. Courtright, 40 Mich. 633; Cowls v. Cowls, 3 Gilm. 435; Stanton v. Wilson, 3 Day, 55; Gill v. Read, 5 R. I. 347; Courtois v. Harrison, 1 Hilton, 109; Van Valkenburgh v. Watson, 13 Johns. 480; Tompkins v. Tompkins, 3 Stockton, 516; Pidgin v. Cram, 8 N. H. 358; Cromwell v. Benjamin, 41 Barb. 558; Thompson v. Dorsey, 4 Md. Ch. 149; Clark v. Clark, 46 Conn. 588; Tanner v. Skinner, 11 Bush, 130; Ellis v. Jessup, 11 Bush, 413; Simpson v. Simpson, 4 Dana, 140; Jones v. Gully, 4 Lit. 27.

Messrs. SHAW & FINCH, for appellee; that an express promise or circumstances from which a promise may be inferred, must be shown, cited Gotts v. Clark, 78 Ill. 229; Hunt v. Thompson, 3 Scam. 179; Hewett v. Long, 76 Ill. 399.

CASEY, J.    Appellant filed his claim in the County Court of Richland county against the estate of E. B. Barnard, deceased. The evidence shows that the deceased was married to a Miss McCleery, a sister of appellant, in Louisville, Kentucky, in April, 1867.    That they lived together three or four years and separated, and that in 1872, Mrs. Barnard obtained a divorce from her husband because of desertion, and by the decree was given the care and custody of her two children, then under four years old.    Appellant claims that he took charge of said children in 1870, and since that time has cared for and maintained them.    E. B. Barnard died testate in Richland county, Illinois, in January, A. D. 1882.    This suit is brought against his estate to recover for the keeping and maintaining of those children.    The cause was submitted to a jury in the circuit court and a verdict rendered in favor of appellee.    The case is brought to this court by appeal.

Upon the trial of the cause in the circuit court the following instruction was given on the part of appellee:   "That before the plaintiff can recover upon any implied contract, he must show by a preponderance of the evidence that the services for which he claims compensation are legally charge-

able against the party sought to be charged, and that claimant, at the time of rendering such service, expected pay from and actually did charge same to him at that time." By this instruction, the jury may have been misled. Whether or not the claimant intended to make any charge against the deceased for keeping the children is a matter of fact for the jury to determine from all the facts and circumstances in evidence. We have been unable to find any authority that requires appellant to keep an account against the deceased and charge him with each or any item of service at the time such service was rendered. We express no opinion as to the merits of this cause. The judgment of the circuit court is reversed and the cause remanded, because of the instruction aforesaid.

Reversed and remanded.